**Appeal Dismissed and Memorandum Opinion filed April 27, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00118-CR**

---

**MARTIN  VASQUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 548808**

---

## MEMORANDUM  OPINION

Appellant was convicted on April 25, 1991 of sexual assault of a child, a second-degree felony. On February 24, 2021, appellant filed an untimely notice of appeal seeking an out-of-time appeal. *See* Tex. R. App. P. 26.2; 26.3. Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal because that court has the exclusive authority to grant post-felony conviction relief if the defendant is then confined as a result of that final felony conviction. Tex. Code

Crim. Proc. Ann. art. 11.07, § 3; *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is not timely filed, we can take no action other than to dismiss the appeal for want of jurisdiction. *See id.*

On March 29, 2021, the parties were notified that the appeal would be dismissed for lack of jurisdiction unless a party demonstrated that the court has jurisdiction. Appellant's response does not demonstrate this court's jurisdiction.

We dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Spain and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).